UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCHICK MANUFACTURING, INC.,
EVEREADY BATTERY COMPANY, INC.,
and ENERGIZER BATTERY, INC.,

              Plaintiffs,

         - v. -

THE GILLETTE COMPANY,

            Defendant.

CIVIL ACTION NO.:  3:05 CV 174 (JCH)

May 5, 2005

**PLAINTIFFS' MOTION REGARDING THE ADMISSIBILITY OF PX 111 and 112
AND NOTICE TO CLARIFY OFFER OF PX 131**

      Pursuant to the Court's directive of May 2, 2005, Plaintiffs Schick Manufacturing, Inc.,

Eveready Battery Company, Inc. and Energizer Battery, Inc. (collectively "Schick") hereby file

this motion regarding the admissibility of PX 111 and 112 in response to the formal Objection to

those exhibits filed by The Gillette Company ("Gillette") on May 4, 2005.  Schick further

submits notice to clarify that PX 131 was offered only for a limited purpose.

**A.**      **Motion Regarding Admissibility of PX 111 and PX 112**

      During the hearing on its preliminary injunction motion, Schick offered PX 111 and 112

in rebuttal to Gillette's affirmative defense that Schick inexcusably had delayed.[1]  See King v.

Allied Vision, Ltd., 807 F. Supp. 300, 306 (S.D.N.Y. 1992) (analyzing claim of delay as an

affirmative defense).  PX 112 is a letter dated January 11, 2005 from the Vice President, Europe,

of Wilkinson Sword,  Limited ("Wilkinson Sword"), to Gillette Group International, demanding

---

[1] For the Court's convenience, true and accurate copies of  PX 111 and PX 112 are attached to this motion.

**ORAL ARGUMENT NOT REQUESTED**

that Gillette cease making false hair-raising claims for the M3 Power ("M3P") in Europe. PX 111 is Gillette's response to PX 112 dated January 17, 2005.

On May 4, 2005, following a "meet and confer" session between the parties over these and other issues, Gillette filed a notice of objection to these exhibits on the sole ground that PX 111 and 112 are not relevant to any claim or defense in this case.  As we briefly discuss below, Gillette's relevance objection – which at most goes to the weight of the evidence, not its admissibility – is unpersuasive and should not preclude the admission of these exhibits.

Schick obtained an injunction against Gillette's hair-raising claims in Germany on November 16, 2004, which injunction was subsequently affirmed on December 17, 2004.  (PX 11)  Gillette thereafter revised its M3P advertising campaign, but the German ad remained false. On December 28, 2004, the German Court issued a second injunction against Gillette's revised M3P ads in that country.  (PX 116)  Following this second injunction, Schick demanded, among other things, that Gillette immediately "[w]ithdraw all such [hair-raising] claims in [European] countries where the M3 Power has already been launched or is currently marketed in at least the same terms as contained in the above mentioned German decision within 5 days from receipt of this letter."  (PX 112)

Gillette responded the following week in the letter marked as PX 111.  In that letter, Gillette stated that, while disagreeing with the German court's ruling, it would comply in Germany, but would "take [its] own counsel with respect to [its] marketing plans for M3Power" outside of Germany.  (PX 111)  Shortly after receipt of Gillette's response letter, Schick commenced litigation throughout the world to obtain injunctions against Gillette's M3P hair-raising claims.  As summarized in PX 205A, following its receipt of PX 111, Schick filed suit in, among other countries:  (1) the United States on January 28, 2005, (2) France on February 3,

2005 (PX 26), (3) Australia on February 8, 2005 (PX 13), and (4) the Netherlands on February 11, 2005 (PX 131).

The exhibits that Gillette claims are irrelevant, PX 111 and PX 112, plainly are relevant to rebut Gillette's affirmative defense of delay and corroborate Schick's showing of irreparable harm.  These letters demonstrate that Schick's lawsuit in the United States followed closely on the heels of Gillette's refusal to acknowledge that the German injunction would guide Gillette's behavior outside of Germany.  Thus, when Gillette made clear that it did not intend to adhere to the ruling outside Germany, Schick promptly commenced litigation in the United States and elsewhere.  Gillette's Objection emphasizes that the exhibits refer only to M3P ads in Europe (Notice of Objection at 2), but this argument misses the point.  It was Schick's realization that Gillette did not intend to act like a responsible global competitor that triggered suit in this Court. Had Gillette agreed to abide by the German court's ruling on a world-wide basis, suit in the United States would not have been necessary.

Accordingly, PX 111 and 112 should be admitted into evidence over Gillette's relevance objection.

**B.    <u>Notice to Clarify Offer of PX 131</u>**

During the preliminary injunction hearing, Schick offered PX 131 in rebuttal to Gillette's defense of inexcusable delay.  (Hearing Tr. 763:14-16)  PX 131 is a certified English translation of the Dutch Complaint in the lawsuit between Wilkinson-Sword B.V. and Gillette Groep Nederland B.V., filed in the District Court of the Hague, Netherlands.

During the parties' "meet and confer" conference regarding the parties' exhibit lists, Gillette requested that Schick clarify the purpose for which Schick offered PX 131 on rebuttal. Accordingly, Schick respectfully notifies the Court that PX 131 is offered for the limited purpose

of establishing that Schick filed its lawsuit against Gillette in the Netherlands on February 11,

2005.

## CONCLUSION

For the foregoing reasons, the Court should grant Schick's motion regarding the

admissibility of PX 111 and PX 112.

Respectfully submitted,

/s/
Michael J. Donnelly, Esq. (ct07974)
Derek T. Werner (ct23419)
MURTHA CULLINA LLP
185 Asylum Street, Cityplace I
Hartford, Connecticut  06103-3469
Telephone:  (860) 240-6000
Facsimile:   (860) 240-6150
mdonnelly@murthalaw.com
dwerner@murthalaw.com


Of Counsel:

Steven F. Reich, Esq.
Ronald G. Blum, Esq.
Jeffrey S. Edelstein, Esq.
Monica Y. Youn, Esq.
MANATT PHELPS & PHILLIPS LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 790-4500
Facsimile:  (212) 790-4545
SReich@manatt.com
RBlum@manatt.com
JEdelstein@manatt.com
MYoun@manatt.com


Attorneys for Plaintiffs Schick
Manufacturing, Inc., Energizer Battery, Inc.
and Eveready Battery Company, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2005, a copy of the foregoing Motion Regarding the

Admissibility of PX 111 and PX 112 and Notice to Clarify Offer of PX 131 was filed

electronically and sent via facsimile to all parties of record.  Notice of this filing will be sent by

e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this

filing through the Court's system.

Michael A. Bucci, Esq.
Day, Berry & Howard LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103

Peter M. Brody, Esq.
Ropes & Gray
One Metro Center
700 12th Street, NW, Suite 900
Washington, D.C. 20005-3948

  /s/
Michael J. Donnelly